UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD HARTMAN,                                    CASE NO. 14-CV-01311 JSM (TGW)

        Plaintiff,

    v.

CAPITAL ONE BANK (USA), N.A.,

        Defendant.

_____/

**UNOPPOSED MOTION OF DEFENDANT CAPITAL ONE BANK (USA), N.A. TO
SET ASIDE CLERK'S ENTRY OF DEFAULT AND EXTEND DEADLINE TO FILE
A RESPONSE TO THE COMPLAINT**

Defendant Capital One Bank (USA), N.A. ("Capital One"), by and through its

undersigned counsel, hereby respectfully moves this Court, pursuant to Federal Rule of Civil

Procedure 55(c), to set aside the Clerk's entry of default against Capital One on July 21,

2014.  Capital One further respectfully requests that the Court extend Capital One's deadline

to file a response to the Complaint to August 5, 2014, as also agreed by the parties.

**I.        BACKGROUND**

On June 3, 2014, plaintiff Richard Hartman ("Plaintiff") filed a Complaint against

Capital One, which he served on June 25, 2014.  Defendant's response to the Complaint was

due on July 16, 2014.  See Fed. R. Civ. P. 12(a)(1)(A)(i).  Capital One inadvertently did not

file its response on or before this date and, on July 19, 2014, three days after Capital One's

deadline to file its response, Plaintiff filed a motion for entry of Clerk's default against

Capital One having not heard from Capital One or its counsel.  (Dkt. No. 5.)  The Clerk in

LA 51782380

- 2 -

turn entered default against Capital One on July 21, 2014.  (Dkt. No. 6.)  On July 22, 2014,

upon learning of the matter and the entry of default, Capital One's counsel immediately

contacted Plaintiff's counsel in an effort to efficiently resolve the issue raised by this Motion.

(See Declaration of Brian C. Frontino in Support of Motion ("Frontino Decl."), ¶ 2); see also

Local Rule 3.01(g).  Plaintiff's counsel has agreed not to oppose Capital One's request to set

aside the Clerk's default nor Capital One's request to extend its deadline to file a response to

the Complaint on or before August 8, 2014.  (Frontino Decl., ¶ 3.)

## II.      DISCUSSION

### A.      Standard On A Motion To Set Aside The Entry Of Default

"The court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).

"Good cause" is a mutable standard that varies on a case by case basis.  Compania

Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951

(11th Cir. 1996).  In evaluating good cause, courts consider multiple factors, including (1)

whether the default was culpable or willful, (2) whether setting it aside would prejudice the

adversary, (3) whether the defaulting party presents a meritorious defense, (4) whether the

public interest is implicated, (5) whether there was significant financial loss to the defaulting

party, and (6) whether the defaulting party acted promptly to correct the default.  Id.  These

factors, however, are not "talismanic," and the Eleventh Circuit frequently reiterates that they

should be regarded simply "as a means of identifying circumstances which warrant the

finding of 'good cause' to set aside a default."  Id. (internal quotation marks and citation

omitted).  "However, if a party willfully defaults by displaying either an intentional or

LA 51782380

- 3 -

reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. at 951-52.

Moreover, defaults are generally disfavored due to the strong policy of determining cases on their merits. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) ("there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor"); Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (same).

As explained further below, Capital One's failure to respond to the Complaint by the original deadline was due to mere oversight. Capital One and its counsel routinely appear in matters and timely respond to filed actions and associated Court deadlines. Accordingly, Capital One meets the standard for setting aside the Clerk's default and this Motion should be granted.

B.     **Capital One Did Not Intentionally Or Recklessly Disregard The Proceedings In This Action.**

Good cause exists to set aside the Clerk's default. First, Capital One's failure to respond to the Complaint was simply due to oversight. Thus, there is no evidence that the default was culpable or willful. Second, Capital One acted promptly to correct the default when its counsel immediately contacted Plaintiff's counsel upon learning of the default and this engagement to assure him that Capital One intended to file a responsive pleading. Third, Capital One intends to present a meritorious defense through its response to the Complaint. Fourth, and most importantly, Plaintiff will not suffer any form of prejudice, particularly given his consent to the instant Motion. See Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009) ("There is no prejudice to the plaintiff

- 3 -

- 4 -

where the setting aside of the default has done no harm to plaintiff except to require it to prove its case.").

Under these circumstances, along with the Eleventh Circuit's policy favoring a decision on the merits and disfavoring defaults, setting aside the Clerk's entry of default against Capital One is warranted here.

## III.    CONCLUSION

Based on the foregoing, Capital One respectfully requests that the Court set aside the Clerk's entry of default (Dkt. No. 6) and extend Capital One's deadline to respond to the Complaint to August 8, 2014, as agreed upon by the parties.

Dated:  August 6, 2014                            Respectfully submitted,

By:  /s/ Brian C. Frontino
Brian C. Frontino
Florida Bar No. 95200
**STROOCK & STROOCK & LAVAN LLP**
200 South Biscayne Blvd., Suite 3100
Miami, Florida  33131
Telephone:  (305) 358-9900
Facsimile:   (305) 789-9302
Email: bfrontino@stroock.com;
          lacalendar@stroock.com.

Attorneys for Defendant
          Capital One Bank (USA), N.A.

- 4 -

LA 51782380

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2014, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE CLERK'S ENTRY OF**

**DEFAULT AND TO EXTEND DEFENDANT'S DEADLINE TO FILE A**

**RESPONSIVE PLEADING TO THE COMPLAINT** with the Clerk of the Court by using

the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of

electronic filing by first-class mail to the following non-CM/ECF participants:  (not

applicable at this time).

By: /s/ Brian C. Frontino
Brian C. Frontino
Florida Bar No. 95200
**STROOCK & STROOCK & LAVAN LLP**
200 South Biscayne Blvd., Suite 3100
Miami, Florida  33131
Telephone:  (305) 358-9900
Facsimile:   (305) 789-9302
Email: bfrontino@stroock.com;
        lacalendar@stroock.com.

Attorneys for Defendant
        Capital One Bank (USA), N.A.

- 5 -