**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RICHARD HARTMAN,

                    Plaintiff,

                                              Case No. 8:14-CV-1311-JSM-TGW

     v.

CAPITAL ONE BANK (USA), N.A.,

                    Defendant.

_____/

## <u>ANSWER OF DEFENDANT HSBC CARD SERVICES INC., ERRONEOUSLY NAMED AS CAPITAL ONE BANK(USA), N.A., TO PLAINTIFF'S COMPLAINT</u>

      Defendant HSBC Card Services Inc., erroneously named as Capital One Bank (USA), N.A. ("Card Services"), by and through its undersigned counsel, hereby answers the Complaint filed by plaintiff Richard Hartman ("Plaintiff"), as follows:

### <u>PRELIMINARY STATEMENT</u>

      1.     Answering Paragraph 1 of the Complaint, Card Services admits that Plaintiff purports to bring an action pursuant to the Florida Consumer Collection Practices Act (the "FCCPA") and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 <u>et</u> <u>seq</u>.

### <u>JURISDICTION AND VENUE</u>

      2.     Answering Paragraph 2 of the Complaint, Card Services admits that this Court has jurisdiction to hear this proceeding.

3.      Answering Paragraph 3 of the Complaint, Card Services does not challenge venue for the purposes of this action only.

## PARTIES

4.      Answering Paragraph 4 of the Complaint, Card Services states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Card Services lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

5.      Answering Paragraph 5 of the Complaint, Card Services states that it is a Delaware corporation with its principal office in Illinois.  Except as expressly stated, Card Services states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Card Services denies the allegations contained therein.

6.      Answering Paragraph 6 of the Complaint, Card Services denies the allegations contained therein.

## FACTUAL ALLEGATIONS

7.      Answering Paragraph 7 of the Complaint, Card Services admits the allegations contained therein.

8.      Answering Paragraph 8 of the Complaint, Card Services lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

9.      Answering Paragraph 9 of the Complaint, Card Services states that Plaintiff's purported February 1, 2012 letter, which is not attached to the Complaint, speaks for itself.

10.     Answering Paragraph 10 of the Complaint, Card Services lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

11.     Answering Paragraph 11 of the Complaint, Card Services admits that HSBC Bank Nevada, N.A. sold the account to Capital One Financial Corporation.

12.     Answering Paragraph 12 of the Complaint, Card Services lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

13.     Answering Paragraphs 13 of the Complaint, Card Services denies the allegations contained therein.

## COUNT 1

## VIOLATION OF THE TCPA BY DEFENDANT CAPITOL ONE

14.     Answering Paragraph 14 of the Complaint, Card Services admits that Plaintiff purports to bring this action based on alleged violations of the Florida Consumer Collection Practices Act, Florida Statutes sections 559.55-559.785 (the "FCCPA"), but denies that it violated the FCCPA in any way and that Plaintiff is entitled to any relief whatsoever.

15.     Answering Paragraph 15 of the Complaint, Card Services incorporates its responses above to Paragraphs 1 through 14, inclusive, as if fully set forth herein.

16.     Answering Paragraph 16 of the Complaint, Card Services denies the allegations contained therein.

LA 51786061

17.     Answering Paragraph 17 of the Complaint, Card Services states that this paragraph contains a legal conclusion to which no response is required; to the extent a response is required, Card Services lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

18.     Answering Paragraph 18 of the Complaint, Card Services lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

19.     Answering Paragraph 19 of the Complaint, Card Services denies the allegations contained therein.

20.     Answering Paragraph 20, Card Services states that the FCCPA speaks for itself and denies any and all allegations inconsistent therewith.  Paragraph 20 otherwise contains no allegations directed to Card Services.  Accordingly, Card Services neither admits nor denies the allegations contained in Paragraph 20.

21.     Answering Paragraph 21 of the Complaint, Card Services denies the allegations contained therein.

22.     Answering Paragraph 22 of the Complaint, Card Services lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

23.     Answering Paragraph 23 of the Complaint, Card Services states that the FCCPA speaks for itself and denies any and all allegations inconsistent therewith.  Paragraph

22 otherwise contains no allegations directed to Card Services.  Accordingly, Card Services neither admits nor denies the allegations contained in Paragraph 22.

24.     Answering Paragraph 23 of the Complaint, Card Services denies the allegations contained therein.

<u>**COUNT II**</u>

<u>**VIOLATION OF THE TCPA BY DEFENDANT CARD SERVICES**</u>

25.     Answering Paragraph 25 of the Complaint, Card Services admits that Plaintiff purports to bring this action based on alleged violations of the TCPA, but denies that it violated the TCPA in any way and that Plaintiff is entitled to any relief whatsoever.

26.     Answering Paragraph 26 of the Complaint, Card Services incorporates its responses above to Paragraphs 1 through 13, inclusive, as if fully set forth herein.

27.     Answering Paragraph 27 of the Complaint, Card Services denies the allegations contained therein.

28.     Answering Paragraph 28 of the Complaint, Card Services states that the TCPA speaks for itself.  Paragraph 28 otherwise contains no allegations directed to Card Services.  Accordingly, Card Services neither admits nor denies the allegations contained in Paragraph 28.

29.     Answering Paragraph 29 of the Complaint, Card Services denies the allegations contained therein.

30.     The Complaint skips Paragraph 30.

31.     Answering Paragraph 31 of the Complaint, Card Services denies the allegations contained therein.

32.     Answering Paragraph 32 of the Complaint, Card Services denies the allegations contained therein.

33.     Answering Paragraph 33 of the Complaint, Card Services denies the allegations contained therein.

34.     Answering Paragraph 34 of the Complaint, Card Services denies the allegations contained therein.

35.     Answering Plaintiff's Prayers for Relief in Counts I and II, Card Services denies that Plaintiff is entitled to actual damages, statutory damages, or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Card Services asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure To State A Claim)**

36.     The Complaint fails to set forth facts sufficient to state a claim against Card Services.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

37.     The Complaint is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights that Plaintiff may have in relation to the matters alleged in the Complaint.

LA 51786061

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

38.     The Complaint is barred by the conduct, actions and inactions of Plaintiff,

which amount to and constitute an estoppel of the claims and any relief sought thereby.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

39.     As of the date of this Answer, Card Services lacks information regarding

whether it obtained "prior express consent" within the meaning of the TCPA for all calls

allegedly placed to the telephone number at issue by any alleged automatic telephone dialing

system.  Card Services expressly reserves the right in the future to assert the affirmative

defense that it obtained "prior express consent" within the meaning of the TCPA.

## FIFTH AFFIRMATIVE DEFENSE

### (Ratification)

40.     Plaintiff has ratified the conduct alleged in the Complaint and therefore is

barred from recovery against Card Services.

## SIXTH AFFIRMATIVE DEFENSE

### (Setoff)

41.     The claims of Plaintiff are subject to setoff and/or recoupment.  See Brook v.

Chase Bank (USA), N.A., No. 8:11-cv-00301-MSS, 2012 WL 6053964, at *3 (M.D. Fla.

March 2, 2012).

LA 51786061

## SEVENTH AFFIRMATIVE DEFENSE

### (Apportionment)

42.     Card Services is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if Card Services is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-Card Services parties, persons and entities, or the agents, servants and employees of such non- Card Services parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

## EIGHTH AFFIRMATIVE DEFENSE

### (Independent, Intervening Conduct)

43.     Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Card Services.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

44.     Plaintiff is precluded from any recovery from Card Services, or any such recovery must be reduced, as a result of Plaintiff's failure to do equity in the matters alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Not Knowing Or Willful)

45.     Plaintiff is precluded from any recovery from Card Services for a willful and knowing violation of the TCPA because any such violation (which Card Services denies occurred) would not have been willful or knowing.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

46.     Plaintiff is precluded from any recovery from Card Services for violation of the FCCPA because any such violation (which Card Services denies occurred) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures adopted to avoid such errors.

## TWELFTH AFFIRMATIVE DEFENSE

### (Due Process)

47.     The imposition of liability and/or statutory damages as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

48.     Plaintiff unreasonably has delayed taking action in connection with the alleged claims, causing substantial prejudice to Card Services, and such claims therefore are barred pursuant to the doctrine of laches.

LA 51786061

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

49.     Card Services expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER

WHEREFORE, Card Services prays as follows:

1.     That Plaintiff take nothing by virtue of this action;

2.     For judgment to be entered against Plaintiff and in favor of Card Services;

3.     That Card Services be awarded its attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

4.     That this Court grant Card Services such other relief the Court may deem just and proper.


Dated:  August 8, 2014.                         Respectfully submitted,

                                                By:  /s/ Brian C. Frontino
                                                Brian C. Frontino
                                                Florida Bar No. 95200
                                                **STROOCK & STROOCK & LAVAN LLP**
                                                200 South Biscayne Blvd., Suite 3100
                                                Miami, Florida  33131
                                                Telephone:  (305) 358-9900
                                                Facsimile:  (305) 789-9302
                                                Email: bfrontino@stroock.com;
                                                        lacalendar@stroock.com.

                                                Attorneys for Defendant
                                                        HSBC Card Services Inc., erroneously
                                                        named as Capital One Bank (USA),
                                                        N.A.

LA 51786061

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 8, 2014, I electronically filed the foregoing **ANSWER OF DEFENDANT HSBC CARD SERVICES INC., ERRONEOUSLY NAMED AS CAPITAL ONE BANK(USA), N.A., TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  (not applicable at this time).

By:  /s/ Brian C. Frontino
Brian C. Frontino
Florida Bar No. 95200
**STROOCK & STROOCK & LAVAN LLP**
200 South Biscayne Blvd., Suite 3100
Miami, Florida  33131
Telephone:  (305) 358-9900
Facsimile:   (305) 789-9302
Email:  bfrontino@stroock.com;
          lacalendar@stroock.com.

Attorneys for Defendant
          HSBC Card Services Inc., erroneously
          named as Capital One Bank (USA), N.A.